FOURTH NATIONAL BANK, Respondent, *v.* W. H. SCUDDER, JR., ASSIGNEE, Appellant.

### May 13, 1884.

1. ASSIGNMENTS — PROOF OF CLAIMS — DISCRETION. — The determination of what is "good cause" for admitting proof of a claim after the expiration of the time fixed by notice for proving claims, is within the discretion of the assignee, where no prejudice to the estate results therefrom; and where there is no abuse of the discretion, courts will not interfere with its exercise by the assignee.

2. —— PRACTICE — TRIAL ON APPEAL — EXCEPTIONS. — On appeal from such an allowance, proof of a reason for the failure to prove the claim within the specified time different from that proved before the assignee, if not objected to at the time, forms no ground for exception.

3. —— NOTICE. — That the notice sent by the assignee to a corporation creditor was mislaid and not brought to the attention of the proper officer of the corporation, may be "good cause" for admitting the claim at any time before the final dividend.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed.*

KRUM & JONAS, for the appellant: The provision that the same cause of action, and no other, that was tried before the assignee shall be tried before the appellate court upon appeal, is mandatory. — *Gist* v. *Loring*, 60 Mo. 487; *Beattie* v. *Weakley*, 60 Mo. 72; *Hansberger* v. *Railroad Co.*, 43 Mo. 196; *Clark* v. *Smith*, 39 Mo. 498. A party can not state one cause of action or defence and recover on a different one; he must stand upon the case made by the pleadings. — *Weil* v. *Posten*, 77 Mo. 287;

*Buffington* v. *Railroad Co.*, 64 Mo. 246. And it is immaterial whether the assignee objected at the trial to the introduction of such irrelevant testimony or not. — *Price* v. *Railway Co.*, 72 Mo. 414.

FINKELNBURG & RASSIEUR, for the respondent: The circuit court tries a cause *de novo* on appeal from an assignee. — *St. Joseph* v. *Davenport*, 55 Mo. 572; *Boggs* v. *Brooks*, 45 Mo. 232. Appellate courts will not review matters within an assignee's discretion in the absence of any question of abuse of discretion. — *Briggs* v. *Block*, 18 Mo. 281; *Coburn* v. *Tucker*, 21 Mo. 219.

THOMPSON, J., delivered the opinion of the court.

The respondent, on May 9, 1883, presented to the assignee for the benefit of creditors of M. Eisenstadt & Co., a claim amounting, after deducting credits, to the sum of about $16,000. The assignee rejected the claim, for the reason that good cause had not been shown for the failure to present it on the days appointed by him for the presentation of demands. The claimant appealed to the circuit court, and there, on a new hearing, the court allowed the demand. From this judgment, the assignee has appealed to this court. No question is made in respect of the justness of this demand. It appears, without contradiction, that it was for money lent on discounts of commercial paper. No objections were made to the introduction of evidence; no instructions were asked for or given. In fact, no exception was saved to any ruling of the circuit court, except to its refusal to grant a new trial. The only ground on which we are asked to reverse the judgment is, that the court was wrong in holding that the claimant had shown good cause for not presenting his claim before the assignee on the days fixed and advertised by him for the hearing of the claims of creditors.

It appeared that the assignee fixed the 16th, 17th and 18th days of April, 1883, as the days on which he would

adjust and allow demands against the estate; that he advertised the fact that he would, on those days " proceed publicly to adjust and allow demands against the estate," etc., for five times in the St. Louis *Post-Dispatch*, with intervals of one week between each advertisement, the last insertion being on March 28, 1883. There was, also, evidence tending to show that the assignee mailed to the creditors of the estate, including this claimant, a notice of the days fixed for such hearing. The testimony offered by the assignee to show that notice had been, in fact, mailed to this particular claimant was not, it is true, very positive. A member of the bar associated in business with the assignee testified that he and the assignee divided the work of mailing the notices between them. He did not remember positively whether this claimant was included, but he thought it was; this claimant was a large creditor, and he would have noticed it if its name had not been upon the list. As before stated, this claimant did not file its claim until the 9th of May, three weeks after the last day fixed by the assignee for hearing and adjusting claims of creditors, though it did file it before the payment of the final dividend.

This claim was presented in the form of a petition, which, after setting out the nature of the claim, contained the following statement : —

" And petitioner further states that by accident and inadvertance it failed to present said notes for allowance on the days appointed for that purpose by the assignee; that the notice for presentation of demands was never received by the bank, or was mislaid and has never been found; that the officer of the bank who had charge of this matter was under the impression that the presentation of demands would take place in May, when, in fact, it was April; that his duties in connection with the realization of the collaterals diverted his mind from the necessity of looking more specifically after the allowance of the demand before the

assignee, all of which more fully appears from the affidavit herewith submitted; that the demand now presented is a just and true demand for cash actually advanced to the insolvent assignors while still in active business, and, no dividend having yet been paid or declared, this petitioner now prays that the assignee, in furtherance of the discretion in him vested by the law in such cases, do allow the foregoing demands and claims of the Fourth National Bank, as shown by said notes herewith presented, and permit it to participate in the distribution of the assets, as in justice it ought to be permitted to do."

Annexed to this petition was an affidavit which contained the following statement: —

"Affiant says that, while he was engaged in trying to collect these collaterals, he inadvertently omitted to present the demand of the bank to the assignee on the days by him appointed for the presentation of demands; that the notice given by the assignee for that purpose was mislaid, and has not been found again; that affiant was under the impression the time appointed was in the month of May, when, in fact, it was in April; that the failure to present on the days appointed was caused by accident and inadvertence; that no dividend has yet been paid, and that the claim of the bank is for cash money actually loaned to said Eisenstadt & Co., and is in every respect a just and true demand."

At the trial in the circuit court the claimant introduced without objection the evidence of its president, cashier, and its corresponding clerk whose duty it was to open the mail, all of whom testified positively that they had never seen such a notice as the assignee sent to their creditors, and such as he claims to have sent to this claimant. The president of the bank had in his charge the matter of collecting the collaterals which had been turned over to the bank in part security of these notes. He testifies that the notice would have come to him if it had been received. His testimony, and also that of the cashier, are very positive to the

effect that the notice which the assignee claims to have sent, being unlike the ordinary notices received at the bank, and relating to a matter of such importance, would not have escaped their attention if it had, in fact, been received.

Upon the case as thus presented, we see no error in the rulings of the circuit court in allowing the demand. The question is governed by the following section of the Revised Statutes : " The assignee shall give notice of the time and place of adjusting and allowing demands against the estate of his assignor, by advertisement published in some newspaper printed in the county, or, if there be none, in the one nearest the place where the inventory is filed, for four weeks successively, the last insertion to be at least one week before the appointed day ; and, also, whenever the residence of any of the creditors is known to him, by letter addressed to such creditors at their known or usual places of abode, at least four weeks before the appointed day. The assignee shall attend at the place designated in said notice in person, on said day, and shall remain in attendance at said place on said day, and during two consecutive days thereafter, and shall commence the adjustment and allowance of demands against the trust fund at nine o'clock, a. m., and continue the same until five o'clock p. m., of each of said three days ; and all creditors who, after being notified as aforesaid, shall not attend at the place designated during the said term, and lay before the assignee the nature and amount of their demands, shall be precluded from any benefit of said estate; but the hearing on any demand presented at the time may be continued, for good cause shown, to such time as is deemed right ; provided that any creditor who shall fail to lay his claim before said assignee during said term, on account of sickness, absence from the state, or any other good cause may, at any time before the declaration of the final dividend, file and prove up his claim, and the same may be allowed, and the remain-

ing dividends paid thereon, as in the case of other allowed claims." Rev. Stats., sect. 373.

The case turns upon the inquiry whether the claimant, on trial *de novo* in the circuit court, succeeded in showing any " good cause" within the meaning of the above proviso, for not presenting the claim upon one of the days fixed and advertised by the assginee. Clearly, the want of knowledge of the days fixed, if such want of knowledge happened in consequence of the failure to give notice to the claimant in one of the modes required by the statute, constitutes a good cause within the meaning of the statute. It is not contended that it does not. But it is contended that the claimant having, in preferring his claim before the assignee, admitted the reception of this notice, and stated that it was accidentally mislaid and inadvertently overlooked, was precluded on hearing anew in the circuit court, from showing any ground of excuse which would contradict this statement in its petition and affidavit. It is argued that to allow any other ground of excuse to be shown would be to try anew in the circuit court a cause different from that which was before the assignee. It is true that the statute relating to assignments for the benefit of creditors provides that appeals " shall be taken, certified and proceeded with in the same manner as appeals from judgments of justices of the peace" (Rev. Stats., sect. 377); and that the circuit court " shall become possessed of the case, and shall proceed to hear and determine the same, in the same manner as if said case were in said court by appeal from the judgment of a justice of the peace." *Ibid.*, sect. 378. It is also conceded that, on an appeal from the judgment of a justice of the peace, the circuit court does not try a different cause of action from that which was tried before the justice of the peace, and that this cause of action is determined by the statement of claim which was filed before the justice of the peace. But in the present case, we do not

perceive that a different cause of action was tried in the circuit court from that which was preferred before the assignee. Precisely the same claim was proved and passed upon. The circuit court did, indeed, hear a somewhat different excuse for delay from that which the claimant had stated in his petition and affidavit to the assignee. But this was not hearing a different cause of action, or a different claim. It was simply hearing a different excuse for delay in presenting the claim. But there is no essential conflict between the excuse, thus set up and the excuse set up in the claimant's petition and affidavit. In the petition it will be perceived that it is stated that " the notice of presentation of demand was never received by the bank, or has been mislaid and has never been found." In the annexed affidavit it is stated that " the notice given by the assignee for that purpose was mislaid, and has not been found again." There is here no distinct admission that such notice was ever received and seen by the officers of the bank. They evidently supposed that it must have been received, in the ordinary course of business, and mislaid. It is evident that they had not seen it, knew nothing about it, and felt unwilling, when they preferred their claim, to make an affidavit which would imply a neglect of duty on the part of the assignee, who was made by law the judge to pass upon their claim. The evidence offered in the circuit court to excuse the claimant's delay, thus appears not to have set up a different cause of action from that which was before the assignee, and if there was any variance between it and the claimant's statement of claim and affidavit, it is sufficient to say that no objection was taken to the evidence in the circuit court on the ground of variance, and that it is hence too late to take it now.

We are not disposed to rest our decision upon a merely technical ground; but if we were disposed to do so, it would appear upon such a ground, that we could not overturn

the finding of the circuit court upon the question whether good cause was shown for the delay; since neither the petition and affidavit of the claimant, nor any testimony in the case, states that the notice by letter addressed by the assignee to this claimant was sent "at least four weeks before the appointed day," as required by the statute.

It can not escape the attention of any one, that the grounds on which we are asked to reverse this judgment proceed in entire disregard of the merits of the claim and of the plain justice of the case. No prejudice whatever appears from the allowance of this claim. It is not even suggested that, by its allowance, the assignee will suffer any substantial inconvenience in discharging his trust, or in adjusting his accounts. In allowing the claim to be presented after the time fixed and advertised by the assignee, the circuit court has done no more than exercise a sound discretion, such as is exercised in setting aside judgments by default for the purpose of allowing causes to be heard upon their real merits. The exercise of such a discretion can not be made a ground of error. We are forbidden by the legislature to reverse the judgment of any court, unless we shall "believe that error was committed by such court against the appellant or plaintiff in error, materially affecting the merits of the action." Rev. Stats., sect. 3775. No such error appears. On the contrary, it appears that what the court did was entirely proper, and that to do otherwise, after hearing the evidence which was presented, would have been the grossest injustice.

The judgment is affirmed. All the judges concur.